**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Mariano,<br><br>                    Plaintiff,<br>   -v-<br><br>Atlantic Management NY Inc,<br><br>                    Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Manuel Mariano ("Plaintiff," or "Mariano"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Atlantic Management NY Inc ("Defendant") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages under Article 6 of the New York Labor Law including Section 191, 193, and compensation for not receiving notices and statements required by NYLL 195, and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Manuel Mariano ("Plaintiff" or "Mariano") is an adult, over eighteen years old.

8. Upon information and belief, and at all times relevant herein, Defendant Atlantic Management NY Inc ("AMI") was a New York corporation duly authorized to do business in New York.

9. At all times relevant herein, Defendant AMI owned and/or operated the six multi-story buildings in which Plaintiff worked, including the building located at 280 E 161 Street Bronx, NY 10451.

10. At all times relevant herein, Defendant AMI controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of building management and ownership within New York state.

13. Upon information and belief and at all times relevant herein, Defendant owned and/or operated several multi-story buildings and employed about 30 or more employees.

14. At all times relevant herein, Defendant employed Plaintiff as a handyman and Plaintiff performed manual work including maintenance and repairs in Defendant's multi-story buildings.

15. Plaintiff was employed as a full-time employee by Defendant from in or around 2008 to in or around January 2023.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant, and his effective hourly rate was about $29.03[1] an hour and Plaintiff was not paid any wages for each and all hours worked in excess of forty in each week during his employment with Defendant - with the exception of about 2-4 weeks each year.

17. Upon information and belief, and at all times relevant herein, Plaintiff worked approximately 50-60 or more hours each week; 7 days each week and Plaintiff was not paid any wages for hours in excess of 40 in a week, for each such week during his employment with Defendant – with the exception of about 2-4 weeks each year.

18. At all times relevant herein, in addition to the hours claims in paragraph 17 above, Plaintiff worked on-call for an additional 10-12 hours each week for which he was not paid any wages in violation of the FLSA and NYLL. See i.e. 29 CFR § 785.17; 29 CFR § 785.16(a), etc.

---

[1] Plaintiff was paid $17.50 an hour for 40 hours by check and he was also provided an apartment valued at $2,000 a month as part of his compensation – resulting in an effective hourly rate of about $29.03/hr. See i.e. 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

19. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 141, 142, are incorporated herein by reference.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3)- the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

22. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

23. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

24. Upon information and belief and at all times relevant herein, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems. As required by Defendant, Plaintiff utilized cell phone and electronic messaging as an integral part of his job to communicate with Defendant and tenants throughout his workday.

25. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

26. Upon information and belief and at all times relevant herein, Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

27. Upon information and belief and at all times relevant herein, Defendant and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

28. Upon information and belief and at all times relevant herein, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

29. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week during his employment Defendant – with the exception of 2-4 weeks each year.

30. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

31. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

32. "Plaintiff" as used in this complaint refers to the named Plaintiff.

33. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

34. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 33

above as if set forth fully and at length herein.

35. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA, 29 USC 201 et Seq.

36. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 203, 206(a) and/or 207(a).

37. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

38. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

39. Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)

40. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

41. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning

of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4.

### Relief Demanded

44. Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

45. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

47. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to

comply with NYLL 195(1).

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

50. Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

51. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

52. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

53. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

54. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including

8

his entire unpaid wages, including his unpaid overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

55. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

56. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **March 31, 2023**

Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan _____

By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000
Email: abdul@abdulhassan.com