# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~~

**Abdul K. Hassan, Esq.**                                                                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                                   Fax: 718-740-2000
*Employment and Labor Lawyer*                                                              Web: www.abdulhassan.com

**June 28, 2024**

**Via ECF**

Hon. Lewis J. Liman, USDJ
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

<u>Re: Mariano v. Atlantic Management NY Inc</u>
Case No.  23-CV-02715 (LJL)(VF)
Motion for Settlement Approval

Dear Judge Liman:

      My firm represents plaintiff Manuel Mariano ("Plaintiff") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel – the basis for the 1/3 contingency fee. Exhibit 3 contains time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner, and he was the only attorney that worked on this case for Plaintiff. Exhibit 4 are copies of the invoices/expense receipts.

      As directed by the Court, we will address the factors for approval set forth in *Wolinsky v. Scholastic Inc.* 900 F.Supp.2d 332, 335 -336 (S.D.N.Y.,2012). In this regard, the court in *Wolinsky*, 900 F.Supp.2d at 335, stated as follows:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement

1

is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

These factors are satisfied, and the settlement is fair and reasonable as more fully set forth below.

### 1. Plaintiff's Recovery

Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and liquidated damages, under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, exchange of information and input at the mediations and during discovery including through depositions.

By way of background and based on Plaintiff's interpretation of the wage and time records produced, Plaintiff alleges that Defendant paid him at a rate of $16.875 to $19.375 an hour plus agave him an apartment valued at about $1,500 a month as part of his compensation. Defendant paid Plaintiff at 1.5 times his regular rate of $16.875 to $19.375 an hour for about 1565 overtime hours during the six-year NYLL statute of limitations period (252 weeks) but failed to include the value of the apartment in calculating Plaintiff's correct overtime rate resulting in an underpayment of overtime wages of about $20,312.56 - including about $11,235 under the FLSA two-year period (87 weeks).

Plaintiff also alleges he is owed overtime wages for about 840 hours Defendant deducted for "meal" breaks even though he did not receive a bona fide meal break within the meaning of the law. Plaintiff would also be owed about $116,534 in unpaid overtime wages on his on-call overtime hours under the NYLL six-year period – including about $40,232 under the FLSA two-year period for non-willful violations. Plaintiff was employed by Defendant from in or around 2008 to in or around January 2023. The complaint in this action was filed on March 31, 2023. (See ECF No. 1).

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA.

It is Defendant's position that Plaintiff is not entitled to overtime wages, was compensated for all hours worked and that Defendant correctly deducted time for lunch, etc. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good faith affirmative defense. Defendant also disputed the work hours alleged by Plaintiff and whether certain on-call hours were compensable. In general Defendant denies Plaintiff's

allegation that he is owed wages and maintains that Plaintiff was properly compensated for all hours worked.

The total settlement amount between Plaintiff and Defendant is $40,000. (See Ex. 1 ¶ 1(a)). Under the settlement, Plaintiff is due to receive $24,953 after costs ($2,571) and a 1/3 contingency fee ($12,476). (See Ex. 1 ¶ 1).

### 2. Avoidance of Burdens and Expenses

A very significant factor in the settlement outcome was the avoidance of additional litigation burdens and expenses. Continued litigation of the case will consume additional significant time and money on both sides. The need for Plaintiff to receive payment in an expeditious manner and for the parties to resolve their differences is also great.

### 3. Seriousness of Litigation Risks

There are real and serious litigation risks for both sides in this action. The settlement amount is not insignificant in light of the factual and legal issues. As such, there may be more downside than upside for Plaintiff from further litigation. Moreover, there is also disagreement between the parties as to the hours worked, period of employment, etc. - one can also never predict with great certainty how a jury will decide.

### 4. Arms' Length Dealings

The parties were represented by attorneys who vigorously advocated for their respective clients. The settlement was the product of arms' length negotiation where the parties were represented by experienced attorneys in the area of wage and hour litigation. The amount in relation to the claims and defenses further confirms that the settlement was the product of arms' length negotiations.

### 5. Attorney's Fees

The hourly fees based on the attached time records (Ex. 3), for 54.41hrs are $27,205 at a reduced fee-shifting rate of $500/hr. See *Saravia v. Royal Guard Fence Co., Inc. et al,* 19-CV-02086 (Judge Locke EDNY – December 14, 2020)(awarding Mr. Hassan a $500/hr. rate in the context of a fee-shifting fee application and stating "I would note that there was no opposition to the $500 per hour fee and I think that fee is quite appropriate even if there was opposition. So let me just put that on the record."); *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a $450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

Under the settlement, Plaintiff's counsel is due to receive a lesser 1/3 contingency fee of $12,476 after reimbursement of $2,571 in filing ($402), service ($75), and deposition

($2,094.95) costs. (Ex. 1 ¶ 1); Ex. 3)[1]. See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Hernandez v. Compass One, LLC*, Case No. 20-CV-07040 (Judge Liman - SDNY October 6, 2021)(approving a 1/3 fee $17,343 under *Cheeks* for Plaintiff's counsel herein); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*); *Shamsundar v. FCS Grp. LLC*, No. 18CV2514KAMLB, 2019 WL 3716198, at 4 (E.D.N.Y. May 22, 2019)("Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs."); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*).

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq.

**cc:     Defense Counsel via ECF**